**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ORLANDO D. LOFTON, #7163,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00823-MJR** |
| | ) | |
| **ST. CLAIR COUNTY JAIL,** | ) | |
| *including the complete staff* | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff, an inmate who is currently incarcerated at St. Clair County Jail ("Jail"), brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983 (Doc. 1).  Before filing this action, Plaintiff filed a virtually identical lawsuit in the United States District Court for the Eastern District of Missouri.  *See Lofton v. St. Clair County Jail*, No. 13-cv-01559 (E.D. Mo. Aug. 8, 2013).  Both lawsuits address the conditions of Plaintiff's confinement at the Jail between May 16th and July 28th, 2013.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

**The Complaint**

While at the Jail between May 16th and July 28th, 2013, Plaintiff alleges that he encountered numerous unconstitutional conditions of confinement. From May 16th through May 19th, he had to sleep on the floor in the "drunk tank" (Doc. 1, p. 5). Thereafter, until July 28th, he slept on the floor in the Jail's gymnasium. The gym, which had no air conditioning or fans, was infested with rats, insects, and bugs. When inmates complained about the lack of air conditioning, the heat was turned on as punishment. There was no running water. The gym had only one toilet for 30-50 inmates and no shower. When Plaintiff showered in other parts of the prison, he encountered mold and insects. During Plaintiff's confinement in the gym, the inmates received cleaning supplies only three times. They sometimes went a week without a mop or broom. Plaintiff's blanket was not washed once.

Beyond these conditions, Plaintiff complained of several other deprivations. The inmates who were confined to the gym were not allowed to exercise outside with the other inmates. They were allowed to attend only one religious service and one law library session (i.e., with no access to legal copies or a notary public) during the two-month period. In addition, Plaintiff suffered from unspecified medical conditions, which were exacerbated by sleeping on the floor. Even so, Plaintiff was denied access to a doctor's care, x-rays, and his medication.

Plaintiff now sues the Jail and its "complete staff" for these constitutional violations. He seeks monetary damages. Additionally, Plaintiff appears to seek injunctive relief, in order "to have the problems fix[ed] for future inmate[s]" (Doc. 1, p. 6).

**Discussion**

After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed. Plaintiff attempts to assert an Eighth

2

Amendment claim based on the conditions of his confinement.   Claims that relate to the conditions of confinement, such as the allegations in Plaintiff's complaint, fall under the "cruel and unusual punishment" clause of the Eighth Amendment.   The Eighth Amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime.   *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Greggs v. Georgia*, 428 U.S. 153, 173 (1976)).   To prevail on a conditions claim, Plaintiff must show that Jail officials knew that Plaintiff was at risk of serious harm, and that they disregarded the risk by failing to reasonably discharge the risk.   *Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2008).

All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).   The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.   *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.   *Id*.   The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.   *Rhodes,* 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Plaintiff's complaint states sufficient allegations to satisfy the objective component of an Eighth Amendment claim.

However, it fails on the subjective prong.   The subjective component of an Eighth Amendment claim implicates the intent with which the acts or practices constituting the alleged punishment are inflicted.   *Jackson*, 955 F.2d at 22.   The subjective component requires that a

prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124.  In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  Plaintiff's complaint identifies no specific defendant, even in generic terms (e.g., "John/Jane Doe"), who was aware of the unconstitutional conditions in the Jail and exhibited deliberate indifference toward inmate health and safety.  Although he names St. Clair County Jail as a defendant, governmental entities cannot be held liable for the unconstitutional acts of its employees, unless those acts are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  The complaint does not allege that any official policy or custom resulted in a constitutional deprivation.  Plaintiff must include allegations in the complaint that are sufficient to put a specific defendant on notice of the claims, so that the defendant may respond to the complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2).  Plaintiff's complaint falls short of satisfying this requirement. Because Plaintiff's complaint fails to meet the subjective test for an Eighth Amendment claim based on unconstitutional conditions of confinement, Count 1 shall be dismissed without prejudice.

Plaintiff's complaint also fails to state a claim for relief under the Eighth Amendment based on deliberate indifference to Plaintiff's medical needs (**Count 2**).  To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  *See Farmer*, 511 U.S. at 837; *Dunigan ex*

*rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  This involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Plaintiff's complaint fails to satisfy either prong of this test.  Plaintiff has not stated sufficient allegations to suggest that he was suffering from an objectively serious medical condition during his confinement in the gym.  His vague reference to "medical problems" is insufficient to support an Eighth Amendment claim (Doc. 1, p. 5).  Further, Plaintiff identifies no defendant, who was aware of and/or acted with deliberate indifference to his medical needs.  In order to meet the subjective prong of this test, Plaintiff is not required to name a defendant with specificity at this stage in litigation; however, he must identify someone (e.g., "John/Jane Doe") who acted with deliberate indifference toward Plaintiff's medical needs, after becoming aware of those needs.   Plaintiff does not allege that he put anyone on notice of a serious medical condition, or that any individual acted with deliberate indifference toward the condition. Accordingly, Count 2 shall be dismissed without prejudice.

Likewise, Plaintiff's complaint fails to state a claim under the First Amendment for a denial of his right to exercise his religion (**Count 3**).  Restrictions on access to religious services and other opportunities are reviewed in light of four factors: (1) whether there is a valid and rational connection between the regulation prohibiting access and a legitimate governmental interest to justify it; (2) whether there are alternative means of exercising the right to practice religion that remain open to inmates; (3) whether accommodation of the right to practice would have a significant impact on prison staff or other inmates; and (4) whether the regulation is reasonable in terms of allowing prisoners use of available alternatives. *Turner v. Safley*, 482 U.S.

78 (1987); *see also Beard v. Banks*, 548 U.S. 521 (2006).  Plaintiff's complaint sets forth a single allegation in support of his religious claim; he alleges that inmates were allowed to attend one religious service during his two-month confinement in the Jail's gym (Doc. 1, p. 5).  This single allegation fails to establish any of the four factors necessary to state a claim for violation of the First Amendment's Free Exercise Clause.   Accordingly, Count 3 shall be dismissed without prejudice.

        Finally, the complaint also fails to state a claim for denial of access to the law library, legal copy service, or a notary public (**Count 4**).   "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  *Id.*  Plaintiff's complaint is silent on what, if any, impact his lack of access to a law library, legal copies, or a notary public had on any pending or potential legal claim.  The complaint does not mention a potential claim or pending lawsuit that was thwarted or lost because of his lack of law library access.  The complaint does not mention any legal deadlines that Plaintiff missed.   Without more, the Court cannot allow him to proceed on Count 4.  Accordingly, Count 4 shall be dismissed without prejudice.

        For the reasons set forth above, Plaintiff's complaint is subject to dismissal.  Rather than dismiss the entire action, however, the Court shall allow Plaintiff one opportunity to submit an amended complaint in order to correct the deficiencies in his pleading.

Plaintiff is advised that as he prepares his amended complaint, he should follow the instructions on the Court's civil rights complaint form. That form directs Plaintiff to state "when, where, how, and by whom" his rights were violated (Doc. 1, p. 5). Put simply, Plaintiff should state the facts that support his claim, including *who* violated his constitutional rights and what actions resulted in the violation. As explained above, it is acceptable at this stage to refer to unknown defendants in generic terms, e.g., "John/Jane Doe." However, in order to pursue his claims, Plaintiff must refer to some defendant who personally participated in a constitutional deprivation and set forth those actions that constituted personal participation. With this in mind, Plaintiff shall be granted one opportunity to amend his complaint in this action.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be **HELD IN ABEYANCE** until such time as Plaintiff's submits an amended complaint.

**Disposition**

The complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendant **ST. CLAIR COUNTY JAIL** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before October 15, 2013). The First Amended Complaint shall state the facts supporting Plaintiff's claim regarding conditions of confinement at St. Clair County Jail, and shall name the individual defendants directly responsible for the alleged constitutional deprivations.

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the

original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Failure to file an amended complaint that conforms with this Order shall result in the dismissal of this action with prejudice.  Such a dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

8

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED: September 9, 2013**

                                    s/ MICHAEL J. REAGAN
                                    United States District Judge